UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST MORTGAGE CORPORATION, | No. 2:14-cv-1893-TLN-KJN |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| APRIL VAN PATTEN, et al., | |
| Defendants. | |

On August 18, 2014, defendant Kevin Van Patten ("defendant"),[1] who is proceeding without counsel, removed this unlawful detainer action from the Sacramento County Superior Court.[2]  (ECF No. 1.)

---

[1] The state court complaint also names Mark E. White and April Van Patten as defendants to this action. (ECF No. 1-1.)  There is no indication that either of these other two defendants joins Kevin Van Patten in the present attempt to remove this case from the Sacramento County Superior Court.  In fact, Kevin Van Patten is the only signatory to the notice of removal and there is no mention of the other two defendants in the notice outside of the party caption.  (Id.)  While the court recommends that this unlawful detainer action be remanded for lack of subject matter jurisdiction for the reasons set out below, the court notes that removal of this case is improper for the additional reason that not all defendants have joined the petition for removal.  See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224 (9th Cir. 2009) (quoting Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986) ("In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'")).

[2] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    A federal court has an independent duty to assess whether federal subject matter
2    jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.
3    Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty
4    to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties
5    raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).
6    Because subject matter jurisdiction may not be waived by the parties, a district court must remand
7    a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v.
8    Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l
9    Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c)
10   ("If at any time before final judgment it appears that the district court lacks subject matter
11   jurisdiction, the case shall be remanded").  For the reasons outlined below, the court finds that it
12   lacks subject matter jurisdiction over the action and recommends that the action be remanded to
13   state court.
14       In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

19   28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."
20   Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The
21   removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction
22   "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic
23   Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation
24   marks omitted).
25       A federal district court generally has original jurisdiction over a civil action when: (1) a
26   federal question is presented in an action "arising under the Constitution, laws, or treaties of the
27   United States" or (2) there is complete diversity of citizenship and the amount in controversy
28   exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted). Mere reference to federal law is insufficient to permit removal. See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

Here, it appears that defendant contends that federal question jurisdiction exists because he is seeking to assert a counterclaim in this action against plaintiff based on alleged violations of the federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2605 et seq. (ECF No. 1 at 2-5.) However, defendant has not shown that removal is proper on the basis of federal question

jurisdiction. The state court pleadings and papers accompanying the removal notice establish that the state court action is nothing more than an unlawful detainer action, and is titled as such. (See ECF No. 1-1.) Plaintiff, the apparent owner of the subject real property in Sacramento County, California, filed suit in Sacramento County Superior Court on June 18, 2014, seeking to evict defendant from the property. (Id.) This court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court. While defendant may seek to raise a counterclaim based on federal law in response to plaintiff's unlawful detainer claim, any counterclaim based on federal law must generally be raised in the state court action and do not provide a basis for removal. "[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). In other words, federal question jurisdiction under 28 U.S.C. § 1331 cannot "rest upon an actual or anticipated counterclaim." Id.; see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("[T]he well-pleaded complaint rule, properly understood, [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction."); Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10-11, n. 9 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.").

Furthermore, defendant does not argue and or otherwise show that removal is proper on the basis of diversity jurisdiction. In the notice of removal, defendant states that plaintiff is a corporation doing business within the state of California and that defendant "is a resident of the State of California and resides at 9345 Winding Oak Drive Fair Oaks, California 95628." (ECF No. 1 at 2.) Accordingly, it appears that both parties are citizens of California. Therefore, complete diversity is not present and, thus, removal is not proper under diversity jurisdiction. See 28 U.S.C. § 1332. Moreover, defendant has confirmed that he is a citizen of California (ECF No. 1 at 2), and therefore he cannot remove the action from a California state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")

1  (emphasis added); <u>Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices
2  Training Fund v. J.A. Jones Const. Co.</u>, 846 F.2d 1213, 1215 (9th Cir. 1988) ("[F]or diversity
3  removal to be proper, none of the defendants may be a citizen of the state in which the action is
4  brought.") (citing 28 U.S.C. § 1441(b)).

5      Even assuming that the parties are citizens of different states and defendant is not a citizen
6  of California, defendant has not demonstrated that the amount in controversy in this case exceeds
7  $75,000.  A review of plaintiff's complaint confirms that the action was filed as a "limited" civil
8  case where the damages at stake are less than $10,000.  (ECF No. 1-1 at 1.)  When the plaintiff
9  has alleged a specific amount in damages or alleged that damages do not exceed $10,000, those
10 damages allegations govern the propriety of removal.  "Where it is not facially evident from the
11 complaint that more than $75,000 is in controversy, the removing party must prove, by a
12 preponderance of the evidence, that the amount in controversy meets the jurisdictional
13 threshold."[3]  <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003)
14 (per curiam).  Here, defendant has not established that this court can maintain diversity
15 jurisdiction given that, on its face, plaintiff's complaint conspicuously describes the damages at
16 stake as "not exceed[ing $]10,000."[4]  (ECF No. 1-1 at 1.)

17     Based on the foregoing analysis, the court finds that it lacks subject matter jurisdiction
18 over plaintiff's unlawful detainer action brought pursuant to California law.

19     Finally, defendant has also filed an application to proceed with his proposed counterclaim
20 in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  However, because the court

---

[3] See, e.g., <u>Wachovia Mortgage FSB v. Atencio</u>, No. C 09-5275 BZ, 2010 WL 1221804, at *1 (N.D. Cal. Mar. 9, 2010) (unpublished) (holding that, where the "title of the state court complaint provides that the amount in damages is less than $10,000," plaintiff has plead a "specific amount in damages" such that it is not necessary to look beyond the face of the complaint); cf. <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004) (acknowledging the general "facially evident" rule but noting that the inquiry is not confined to the face of the complaint when the amount in controversy is not stated therein).

[4] See, e.g., <u>Arcuri v. State Farm Mut. Auto. Ins. Co.</u>, No. 2:13–cv–00416–GMN–NJK, 2013 WL 5781733, at *2 (D. Nev. Oct. 16, 2013) (unpublished) ("a bare assertion of the amount in controversy, devoid of any indication from the face of the complaint, is not enough to establish federal jurisdiction.").

recommends that this action be remanded back to the state court for lack of subject matter jurisdiction, defendant's motion is denied.

Accordingly, for the foregoing reasons, IT IS HERREBY ORDERED that defendant Kevin Van Patten's motion to proceed in forma pauperis (ECF No. 2) is DENIED.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. The action be REMANDED to the Sacramento County Superior Court.

2. The Clerk of Court be directed to serve a certified copy of the order on the Clerk of the Sacramento County Superior Court, and reference the state case number (No. 14UD04485) in the proof of service.

3. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: August 13, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE